UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GRACE MILES,

        Appellant,

  v.

ROYCE LEE MAKISHIMA, TERRA ANN MAKISHIMA,

        Appellees.
_____/

NO. CIV. 08-3170 WBS

ORDER RE: MOTION TO DISMISS BANKRUPTCY APPEAL

----oo0oo----

        Appellees Royce Lee Makishima and Terra Ann Makishima filed a joint voluntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code. Appellant Grace Miles, currently proceeding pro se, filed a Complaint and a First Amended Complaint ("FAC") in that proceeding alleging that appellees' debt was nondischargeable. (Mot. Dismiss Exs. B, C.) Appellees then filed a motion to dismiss the FAC, and appellant filed a motion to disqualify appellees' counsel, Morgan, Lewis & Bockius LLP. (Id. Exs. F, G, H, I.)

In two Minute Orders dated November 21, 2008, the bankruptcy court granted appellees' motion to dismiss the FAC and denied appellant's motion to disqualify appellees' counsel. (Id.)  Appellant subsequently appealed those orders to a bankruptcy appellate panel on December 2, 2008, and her appeal was then transferred to this court on December 29, 2008, pursuant to 28 U.S.C. § 158(c)(1)(B).  (See Docket No. 1.)  Appellees now move to dismiss the appeal pursuant to Federal Rules of Bankruptcy Procedure 8001 and 8002.[1]

Federal Rule of Bankruptcy Procedure 8001(a) provides that "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002."  In turn, Federal Rule of Bankruptcy Procedure 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed

---

[1] Appellant did not file any opposition to the instant motion.  Rather, she filed a "Notice of Filing Bankruptcy" on February 23, 2009, and subsequently lodged a "Motion for Stay or at Least a Continuance" on March 9, 2009, pursuant to 11 U.S.C. § 362.  (Docket Nos. 11, 12.)  The automatic stay provision of § 362, however, "does not apply to actions initiated by a debtor." Sanchez v. Torres, No. 07-4174, 2008 WL 1701900, at *1 n.2 (N.D. Cal. Apr. 10, 2008) (citing, inter alia, Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989)); see In re Merrick, 175 B.R. 333, 336 (B.A.P. 9th Cir. 1994) ("While restraint of a defendant in a suit subject to prosecution by the estate arguably could contribute to an orderly processing of estate assets, we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit.  To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.").  Accordingly, the court will proceed to adjudicate appellees' motion to dismiss.

2

from." "'An untimely notice deprives the district court of jurisdiction to review the bankruptcy court's order.'" In re Dobard, No. 03-1624, 2003 WL 1936129, at *1 (N.D. Cal. Apr. 18, 2003) (quoting In re Souza, 795 F.2d 855, 857 (9th Cir. 1986)); see In re Slimick, 928 F.2d 304, 306 (9th Cir. 1990) ("The untimely filing of a notice of appeal is jurisdictional.").

Pursuant to Federal Rule of Bankruptcy Procedure 9006 ("Computing Time"), appellant's notice of appeal from the Minute Orders entered on November 21, 2008, was due no later than December 1, 2008.[2] Appellant, however, filed her notice of appeal on December 2, 2008, and there is no indication that appellant sought or obtained an extension of this deadline from the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 8002(b). Indeed, before transferring the matter to this court, the bankruptcy appellate panel noted the untimely filing of the appeal when it issued its "Notice of Deficient Appeal and Impending Dismissal" due to "lack of jurisdiction of the bankruptcy appellate panel. (Docket No. 1 at 3 (citing Slimick, 928 F.2d at 306).) Accordingly, appellant's untimely filing divests this court of jurisdiction to hear her appeal, and

---

[2] Federal Rule of Bankruptcy Procedure 9006(a) provides:

In computing any period of time prescribed or allowed by these rules . . . , the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

3

the court must grant appellees' motion to dismiss.

IT IS THEREFORE ORDERED that appellees' motion to dismiss be, and the same hereby is, GRANTED;

AND IT IS FURTHER ORDERED that the appeal from the Bankruptcy Court's minute orders of November 21, 2008, be, and the same hereby is, DISMISSED.

DATED: March 12, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE